32118.   SAUL KLENBERG CO. *v.* MROZINSKI.

60

Decided November 18, 1948.

*Matthews, Long & Moore,* for plaintiff in error.

*Wilson, Branch & Smith, A. E. Wilson,* contra.

MacIntyre, P. J. The motion for a new trial contains the usual general grounds only, and the headnotes hereinbefore set out require but little elaboration. The plaintiff at the time of the accident was in a state of pregnancy, and she alleged and introduced evidence tending to show that her delicate condition was aggravated by the injuries which she sustained in the accident. She also introduced evidence tending to prove that she continues to have back and abdominal pains and continues to wear a brace to help remedy her physical weakness and to enable her to be up and out of bed. The medical testimony as to her

condition and its cause, which the jury were not required to believe, was conflicting. Whether this condition was the result of the accident and the aggravation to the plaintiff's delicate condition by the accident, or was the result of the childbirth alone, was a question for the jury. The evidence indicated that the party given by the defendant for its employees was not a mixed party of white and colored persons, but that there was a party for each race.

The plaintiff in error has earnestly argued its case, and this court, not being satisfied that the writ of error was prosecuted for the purpose of delay only, denies the prayer of the defendant in error for the assessment of damages. There was evidence to authorize the verdict; and, the presumption being that jurors are impartial and understand the case, we think it reasonable to presume in this case that the finding was based on the evidence, considered impartially in connection with the charge, rather than on bias and prejudice. The trial judge overruled the motion for a new trial, and this court has no discretion in the matter of granting a new trial on the general grounds only when no error of law appears.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*